IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOMMY MURRAY, et al., )<br>)<br>)<br>  Plaintiffs, )<br>)<br>v. )<br>)<br>                                    )<br>BIRMINGHAM BOARD OF EDUCATION, )<br>TYRONE BELCHER, SR, VIRGINIA )<br>VOLKER, BRIAN GIATTINA, CAROL )<br>CLARKE, EMMANUEL FORD, ALANA )<br>EDWARDS, APRIL WILLIAMS, PHYLLIS )<br>WYNE, AND W.J. MAYE, JR., )<br>)<br>)<br>  Defendants. ) | CIVIL ACTION NO.<br>2:13-CV-822-KOB |

**MEMORANDUM OPINION**

This Fair Labor Standards Act case is before the court on the Defendants' "Motion to Dismiss" (doc. 9), requesting the dismissal of all official-capacity claims against board members Carol Clarke, Alana Edwards, Emmanuel Ford, Brian Giattina, W.J. Maye, Jr., Virginia Volker, April Williams, and Phyllis Wyne. The court also has before it Defendant Tyrone Belcher, Sr.'s "Motion to Dismiss" (doc. 18), adopting the original "Motion to Dismiss" (doc. 9) filed by the other members of the board. Because official-capacity claims against individual defendants are redundant of the claims against the Board and, thus, unnecessary, the court finds that both motions are due to be GRANTED.

1

## I.  BACKGROUND

On May 1, 2013, the Plaintiff, Tommy Murray, individually and as a part of a class action suit, filed a "Complaint with Jury Demand" (doc. 1) against the Birmingham Board of Education and its members in their *official* capacities.  In the Amended Complaint, filed on May 17, 2013, the style states that the board members are sued in their *official capacities* and, in the section marked "Parties," ¶ 26 specifies that the "[i]ndividual members of the Birmingham Board of Education are sued in their official capacities. . . ." (Doc. 6, at 11).  No where in the Amended Complaint does the Plaintiff assert any claims against the board members in their individual capacities.   The Plaintiff alleged that the defendants violated the FLSA by denying Plaintiff, and a class of similarly situated individuals, their lawful wages for overtime work performed.  On May 17, 2013, the Plaintiff filed an "Amended Complaint" (doc. 6), which stated in more detail the claims against the Defendants.

On June 11, 2013, eight of the board members filed their "Motion to Dismiss," along with a brief in support of the motion, requesting dismissal of all claims against the individual board members in their *official* capacities.  (Doc. 9).  On June 12, 2013, the court filed an "Order to Show Cause" (doc. 11), ordering the Plaintiff to explain why the court should not grant the motion. On June 26, 2013, court records reflect that the summons was returned executed for Tyrone Belcher.  On July 2, 2013, the Plaintiff filed a "Response" (doc. 15) in opposition to the "Motion to Dismiss" (doc. 9) and in compliance with the "Order to Show Cause" (doc. 11). On July 16, 2013, Tyrone Belcher, Sr., filed a motion to dismiss (doc. 18), adopting the motion to dismiss of the other board members.

## II. STANDARD OF REVIEW

A Motion to Dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 335 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 335 U.S. at 47).

The rule does, however, "[demand] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings that contain only "a formulaic recitation of the elements of a cause of action," "labels or conclusions," or "naked assertions" without sufficient factual support do not meet Rule 8 standards. *Twombly*, 550 U.S. at 555, 557. To survive a motion to dismiss, the complaint must contain sufficient factual matter such that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting Twombly, 550 U.S. at 557). The Supreme Court identified "two working principles" for district courts to use in applying the facial plausibility standard.  First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept

as true legal conclusions even when "couched as factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. The court determines the factual allegations that are well-pleaded and assumes their veracity, and then determines the claim's plausibility given the well-pleaded facts. To survive the motion, the allegations must permit the court based on its "judicial experience and common sense... to infer more than the mere possibility of misconduct." *Id*. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id*.

### III. FACTS

Murray, individually and on behalf of a class of similarly situated individuals, alleged that he was employed as a non-exempt employee for the Birmingham Board of Education. (Doc. 6). Murray asserts that, as Head Custodian for the Defendants, he worked approximately twelve hours of overtime each week in addition to his regularly scheduled work hours for a period of three years. He further alleged that he was not compensated at a rate of time-and-a-half for overtime hours worked, contrary to the Fair Labor Standards Act.

### IV. DISCUSSION

Defendants Tyrone Belcher, Sr., Carol Clarke, Alana Edwards, Emmanuel Ford, Brian Giattina, W.J. Maye, Jr., Virginia Volker, April Williams, and Phyllis Wyne, members of the Birmingham Board of Education, request that this court dismiss all claims against them in their official capacities. Further, as the Plaintiff asserts no claims against them in their individual capacities, they ask to be dismissed as party Defendants.

The law is well-settled that "official capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Hardy v. Town of Hayneville*, 50 F. Supp. 2d 1176, 1184-85 (M.D. Ala. 1999) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citations omitted)). The United States Supreme Court has recognized that local governments can be sued for monetary damages and for injunctive and declaratory relief. *Graham*, 473 U.S. at 167 n. 14.

However, the United States Supreme Court has also recognized that a suit against both an individual in his official capacity and the suable government entity itself is redundant and unnecessary. *Graham*, 473 U.S. at 167 n. 14 (stating "there is no longer a need to bring official-capacity actions against local government officials for... local government units can be sued directly for damages and injunctive and declaratory relief").

In the present case, Murray sued the individual board members in their official capacities and the Birmingham Board of Education itself. The Board is a suable entity regardless of whether the particular claims against it remain viable. Based on the Supreme Court's direction, this court must view the official-capacity claims against the board members as a suit against the Board itself. When viewed in light of relevant precedent, a suit against the board members in their official capacities is duplicative of the claims against the Board. Thus, the court FINDS that the official capacity claims against the board members are redundant and unnecessary. Therefore, the court will GRANT the motions and DISMISS WITH PREJUDICE the official capacity claims asserted against Tyrone

Belcher, Sr., Carol Clarke, Alana Edwards, Emmanuel Ford, Brian Giattina, W.J. Maye, Jr., Virginia Volker, April Williams, and Phyllis Wyne.

The court acknowledges Murray's objections to the dismissal of the official capacity claims. (Doc. 15). However, the cases Murray cites in support of his objections are inapposite and do not support the retention of such official capacity claims.

## IV. CONCLUSION

For the reasons stated above, the court finds that the Defendants' "Motion to Dismiss" (Doc. 9) and Defendant Belcher's "Motion to Dismiss" (Doc. 18) are both due to be GRANTED, and the claims against them in their official capacities are due to be DISMISSED WITH PREJUDICE. As Murray has asserted no claims against them in their individual capacities, the court will DISMISS the board members as party Defendants. The court simultaneously will enter a separate Order to that effect. This case will proceed with the claims asserted against the Birmingham Board of Education.

DONE and ORDERED this 19th day of August, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE