IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TOMMY MURRAY, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **CIVIL ACTION NO.** |
| **BIRMINGHAM BOARD OF EDUCATION,** ) | **2:13-CV-822-KOB** |
| **TYRONE BELCHER, SR, VIRGINIA** ) | |
| **VOLKER, BRIAN GIATTINA, CAROL** ) | |
| **CLARKE, EMMANUEL FORD, ALANA** ) | |
| **EDWARDS, APRIL WILLIAMS, PHYLLIS** ) | |
| **WYNE, AND W.J. MAYE, JR.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION and ORDER

This matter is before the court on "Plaintiffs [sic] Motion to Alter, Amend, and/or Vacate the Court's Memorandum of Opinion and Order Dated August 19, 2013." (Doc. 27). The Defendants responded. (Doc. 27). For the reasons stated in this Memorandum Opinion, the court DENIES the motion.

A motion to alter or amend under Fed. R. Civ. P. 59 does not provide a mechanism for a dissatisfied party to re-litigate a matter. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment"). The Eleventh Circuit has recognized two grounds for granting a Rule 59 motion: "[1] newly-discovered evidence or [2] manifest errors of law or fact." *Id.* at 1343 (quoting *In re Kellogg,* 197 F.3d 116, 119 (11th Cir. 1999)). Courts in this

1

Circuit have recognized that an intervening change in controlling law is also a ground for reconsideration and an exception to the law of the case doctrine. *See, e.g., Summit Medical Center of Alabama, Inc. v. Riley,* 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003) (addressing a Rule 59 motion); *Oliver v. Orange Cnty., Fla.,* 456 F. App'x 815, 818 (11th Cir. 2012) (listing the following exceptions to the law of the case doctrine, allowing a district judge to reconsider a prior ruling: "(1) new evidence; (2) an intervening change in the law that dictates a different result; or (3) that the prior decision was clearly erroneous and would result in manifest injustice.").

In their motion, Plaintiffs do not present new evidence or an intervening change in the law. Instead, the cases they cite predate the submission of the motion to dismiss, and the arguments they make all could have been made during the original briefing of the issue. The case of *Ex parte Bessemer Bd. of Educ.,* 68 So. 3d 782 (2011) that they cite in their motion was decided over two years ago. Further, the cases they cite in their recent sur-reply (doc. 29) are Eleventh Circuit cases from 1990 and 1991, as well as an opinion from a federal district court sitting in the Southern District of Alabama that was decided over a year ago and, in any event, is neither controlling nor reported. Therefore, having eliminated all other proper grounds for reconsideration, the court must assume that Plaintiffs consider this court's dismissal of the claims against the individual Defendants in their official capacities to be clear error that would result in manifest injustice. The court does not agree with the Plaintiffs' position, as discussed below.

The first reason that the Plaintiffs give for error was the existence of a request for injunctive relief and, presumably, the need to have the board members in their official capacities as parties to carry through with any grant of injunctive relief. As Defendants pointed out in their response, however, such relief would be due from *the Board as an entity* and not from the individual members

of the Board, who are powerless to act except by vote of the Board taken at a meeting compliant with the Alabama Open Meetings Act. *See* ALA. CODE §§ 16-1-41.1(b)(2), 16-11-9 & 36-25A. Therefore, the existence of a request for injunctive relief does not require the presence of the individual board members as party Defendants.

Further, the Eleventh Circuit in *Busby v. City of Orlando* held that official capacity suits are, in actuality, suits against the entity that the officials represent, and, therefore, redundant. 931 F.2d 764, 776 (11th Cir. 1991). Plaintiffs identify no legal authority declining to apply the rule in *Busby* where claims of injunctive relief exist, and the court is aware of none that would apply to the circumstances of this case. Indeed, the Supreme Court decision on which *Busby* relies states that its reasoning applies to suits for money damages and equitable relief. *See Kentucky v. Graham,* 473 U.S. 159, 167 n. 14 (1985) ("There is no longer a need to bring official-capacity actions against local official, for ... local government units can be sued directly for damages *and injunctive or declaratory relief.")* (emphasis supplied).

In addition, if the Plaintiffs' argument were valid, the court would expect the Eleventh Circuit decisions applying *Busby* to dismiss only the official capacity claims requesting monetary damages and to retain those requesting injunctive and declaratory relief. The Plaintiffs identify no cases making that distinction, and this court's research reveals none. Certainly the cases the Plaintiffs cite in their briefs do not make that distinction. In the cited district court decision, the district court addressed this issue and found official capacity claims against individual school board members requesting injunctive relief to be redundant to the claims against the school board itself. The court explained:

3

> Repetition neither makes the heart grow fonder nor the injunction grow stronger, and an entity need not be told the same thing twice before a court order will stick. This case is about claims for injunctive relief against the Board, and plaintiffs cannot repackage these same claims against the Individual Defendants in their official capacities to bring them twice, at the cost of unnecessary redundancy, inefficiency, and the risk of confusion.

*M.R. v. Board of School Comm'r,* 2012 WL 2931263, at *4 (S.D. Ala. July 18, 2012). While the district court decision is not controlling, the court finds it well-reasoned and persuasive. However, far from supporting the Plaintiffs' position that this court's dismissal of the official capacity claims represents clear error, *M.R.'s* holding and reasoning directly support this court's ruling. In short, the Plaintiffs provide no controlling or persuasive authorities to support their position that the dismissal of the official capacity claims was clear error, and this court is certainly not inclined to reject its own ruling when well-established case law buttresses it.

      A second reason provided was that discovery is not complete. The court agrees with the Defendants that discovery will not change the well-settled law that claims against individual Board members in their official capacities is duplicative of claims against the Board itself. As another complaint about lack of discovery, the Plaintiffs state in paragraph six their motion that they "do not know fully the extent of Dr. Richardson's recent participation in the Birmingham Board's activities" (doc. 27, at 2), but, as Dr. Richardson is not a named Defendant, the court does not know why that lack of knowledge is relevant to the dismissal of official capacity claims against these named Defendants.

      The third reason that the Plaintiffs proffer is the *Ex parte Bessemer Board* case previously referenced. That case is an Alabama Supreme Court decision addressing *immunity* of the Bessemer Board itself and members of the Board sued individually in their official capacities as to claims for

pay miscalculations brought *under Alabama law* as violative of Section 16-22-13.1 of the Alabama Code. The Bessemer Board defendants appealed from the trial court's order denying their claims of immunity, and, because the order was not final, the Supreme Court treated the appeals as petitions for a writ of mandamus. The Supreme Court found that the Board was absolutely immune from suit under Article I, § 14 of the Alabama Constitution because that constitutional provision extends immunity from lawsuits to agencies of the state and because the local school board was an agency of the state with no exceptions to § 14 applying. The Court further held, however, that the members of the local board sued in their official capacities were not entitled to absolute immunity under the circumstances of the case because an exception to § 14 applied: "a writ of mandamus will lie to require action of state officials ... where discretion is exhausted and that which remains to be done is a ministerial act." 68 So. 3d at 789. Finding that the duty of the Bessemer Board members is a legal duty arising from statute that is a ministerial act not involving discretion, the Court denied the petition for writ of mandamus against the Board members in their official capacities, holding that the Board members are not entitled to immunity under § 14. *Id.* at 790-91.

As is clear from this recitation, the *Bessemer Board* case is inapposite for many reasons, including that the claims involved were brought under Alabama law, not federal law; that the immunity invoked was under the Alabama state constitution, not the United States Constitution; and that the issue addressed was whether the individual Board members' wrongful acts at issue were ministerial or discretionary acts, which is not the issue in the instant case. The instant case is a non-diversity case applying federal law (FLSA), and this court is not bound by decisions issued by the Supreme Court of Alabama applying Alabama law and addressing immunity under the Alabama State Constitution.

5

The final ground in the Plaintiffs' motion, stated in paragraph seven, refers to an anticipated motion to dismiss and to claims against the Board members in their individual capacities. The court need not and will not address arguments regarding a motion that has not yet been filed, and the Amended Complaint includes no claims against the Board members in their individual capacities.

In the sur-reply, the Plaintiffs cite the case of *Stewart v. Baldwin Cnty. Bd. of Educ.,* 908 F.2d 1499 (11th Cir. 1990) as providing the proper test to determine whether the Board is entitled to Eleventh Amendment *immunity*. Because the motion to dismiss at issue addressed only the claims against the individual Board members in their official capacities and did not address the claims against the Board itself and the Board's entitlement to immunity, the court is unsure why the Plaintiffs are now pointing the court to the four-factor test. To the extent, if any, that the Plantiffs proffer this case as an example of one that allows a plaintiff to pursue claims against the school board and the board members sued in their official capacities, the court notes that *Stewart* did not specifically address the issue of whether the official capacity claims were redundant. The Court did allow claims against the individual members to proceed, affirming the trial court's denial of their entitlement to qualified immunity or quasi-judicial immunity. *Id.* at 1511. The Court also mentioned that the individual board members were sued in their official capacities along with the board itself, and it affirmed the denial of all defendants' motion for summary judgment. *Id.* at 1509-10. In any event, the *Busby* case, decided in 1991, the year after *Stewart,* clarified the Eleventh Circuit's position that official capacity claims against individuals are redundant of claims against the entity they represent, and this court will follow the Eleventh Circuit's clear direction provided by the more recent *Busby* decision and the numerous decisions following it.

Because the Plaintiffs have not provided any authority to support their position of clear error, the court FINDS that clear error does not exist, and further, that no other ground exists for granting the Plaintiffs' Rule 59 motion. Accordingly, the court DENIES the motion. This case will proceed with claims asserted against the remaining Defendant, the Birmingham Board of Education.

Dated this 31st day of October, 2013.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE